PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 1995 Pontiac Grand Am struck a hole while he was traveling on W. Va. Route 2 near Follansbee, Brooke County. W. Va. Route 2 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred between 6:00 a.m. and 6:30 a.m. on February 6, 2004, a dreary morning. W. Va. Route 119/33 is normally a four-lane highway at the area of the incident involved in this claim, but due to construction was reduced to a two-lane highway at the time of this incident. Claimant testified that he was driving on W. Va. Route 2 near the Pittsburgh Steel Company with traffic in front of him and headed in the opposite direction when his vehicle struck a hole in the road that he had not seen. Mr. Keplinger stated that he drives this road every day, but that he had not noticed any hole this bad the previous morning. He was unaware of how deep the hole was because he needed to get to work and did not want to walk back to see the hole. Claimant’s vehicle struck the hole sustaining damage both passenger side tires totaling $345.90.
The position of the respondent is that it did not have actual or constructive notice of the condition on W. Va. Route 2 at the site of the claimant’s accident for the date in question.
Sheldon Beauty, a county administrator for the respondent in Brooke County, testified that he had no knowledge of any holes on W. Va. Route 2 near Follansbee for the date in question or the days immediately prior. Mr. Beauty stated that this was a *197 construction zone where work was contracted out to a third party. He stated that the construction had been ongoing for a year and a half. Mr. Beauty testified that the construction contractor would usually patch holes that occurred within the construction area, but that crews for respondent would occasionally go out and also patch some areas. Mr. Beauty also testified that there was a hold-harmless clause in respondent’s contract with the contractor. This clause was designed to hold respondent harmless for any and all damages which might occur in the construction area. Mr. Beauty testified that there were several telephone calls later on during the same day as claimant’s accident, but he was not aware of any complaints before claimant’s incident. Respondent maintains that it had no actual or constructive notice of any holes on W. Va. Route 2.
The well-established principle of law in West Virginia is that the state is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constmctive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. The testimony that the hole had not been there the day before and the time of the year in which claimant’s incident occurred leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Further, the Court is well aware that such hold-harmless clauses are common place in third party construction contracts and that respondent may seek to be reimbursed for any damages for which it is found responsible. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $345.90.
Award of $345.90.